UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL DUBY ,

     Plaintiff,


 -vs-                              Case No. 08-13400



ASSET ACCEPTANCE, LLC,
BOULDER CREDIT SERVICES, INC.
OMNI CREDIT SERVICES OF FLORIDA, INC., and
PALISADES COLLECTION. L.L.C.

     Defendants.

## **COMPLAINT & JURY DEMAND**

Please Note:   Certain allegations in this matter are related to a companion case, namely, *Asset*

*Acceptance Corp. v Duby*, 41-A District Court Case No. US59639GC.


## **Jurisdiction**

1.     This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15

U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2.     This court may exercise supplemental jurisdiction over the related state law claims arising

out of the same nucleus of operative facts which give rise to the Federal law claims.

## **Parties**

3.     The Plaintiff  to this lawsuit resides in Shelby Twp, Michigan in Macomb County.

4.     Asset Acceptance, LLC, is a corporation doing business in Michigan.

1

5.      Boulder Credit Services, Inc. is a corporation doing business in Michigan.

6.      Omni Credit Services of Florida, Inc. is a corporation doing business in Michigan.

7.      Palisades Collection. L.L.C. is a corporation doing business in Michigan.

### Venue

8.      The transactions and occurrences which give rise to this action occurred in Macomb County.

9.      Venue is proper in the Eastern District of Michigan.

### General Allegations

10.     On July 24, 2008, Asset Acceptance LLC obtained an order to seize a 1995 Dodge Ram Truck from Michael Duby.

11.     On July 25th, 2008, Asset Acceptance, through its agent, seized the  1995 Dodge Ram Truck, an expensive box of tools and a trailer.

12.     Mr. Duby tried to contact Asset Acceptance, LLC to gain the return of his trailer and tools.

13.     After considerable effort, Plaintiff finally spoke with Asset Acceptance employee, "Jenny," at extension 8719.

14.     Mr. Duby demanded the return of his trailer and tools.

15.     Asset Acceptance told Mr. Duby that it would dispose of his tools and trailer if he did not pay $1,500.00.

16.     Asset Acceptance had no right to seize the trailer and tools.

17.     Asset Acceptance had no right to threaten Mr. Duby with the sale of his trailer and tools.

18.     Asset Acceptance was required by law to return Mr. Duby's trailer and tools.

19.     Because Mr. Duby was unable to have possession and use of his trailer and tools, he lost $375.00 worth of work.

20.     The value of the trailer and tools is $4,000.00.

21.     Boulder Credit Services, Inc. sued Mr. Duby in a state court with boundaries in which Mr. Duby's residence is not found.

22.     Boulder Credit Services, Inc. maintained an action against Mr. Duby in the wrong court with actual knowledge that Mr. Duby did not live within the boundaries of that court.

23.     Boulder Credit Services, Inc. sued Mr. Duby for an alleged debt which was unenforceable as it was outside the applicable statute of limitations.

24.     Plaintiff sent written notice to Palisades Collection. L.L.C. to cease and desist collection activity.

25.     Palisades Collection. L.L.C. received the notice  to cease and desist collection activity.

26.     In spite of actual notice to cease and desist collection activity, Palisades Collection. L.L.C. hired Omni Credit Services of Florida, Inc. to collect on behalf of Palisades Collection. L.L.C.

27.     Palisades Collection. L.L.C. failed or refused to inform Omni Credit Services of Florida, Inc. that, as to the alleged debt which Palisades Collection. L.L.C. was attempting to collect from Mr. Duby, Mr. Duby had demanded collection activity cease and desist.

28.     In the alternative, Omni Credit Services of Florida, Inc. knew or should have known that Plaintiff sent written notice to cease and desist collection activity.

### COUNT  I – Fair Debt Collection Practices Act (Asset Acceptance, LLC)

29.     Mr.  Duby incorporates the preceding allegations by reference.

30.     At all relevant times Asset Acceptance, LLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

31.   Asset Acceptance, LLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

32.   Asset Acceptance, LLC 's foregoing acts in attempting to collect this alleged debt against Mr.  Duby constitute violations of the FDCPA.

33.   Mr.  Duby has suffered damages as a result of these violations of the FDCPA.

### COUNT  II – Michigan Occupational Code (Asset Acceptance, LLC)

34.   Mr.  Duby incorporates the preceding allegations by reference.

35.   Asset Acceptance, LLC is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

36.   Mr.  Duby is a debtor as that term is defined in M.C.L. § 339.901(f).

37.   Asset Acceptance, LLC 's foregoing acts in attempting to collect this alleged debt against Mr. Duby constitute violations of the Occupational Code.

38.   Mr.  Duby has suffered damages as a result of these violations of the Michigan Occupational Code.

### COUNT  III  -- Statutory Conversion (Asset Acceptance, LLC)

39.   Plaintiff incorporates the preceding allegations by reference.

40.   The acts and omissions described herein constitute a willful or intentional conversion under MCL § 600.2919a entitling Plaintiff  to recover treble the value of the money or property converted.

### COUNT  IV  -- Common Law Conversion (Asset Acceptance, LLC)

41.   Plaintiff incorporates the preceding allegations by reference.

42.   The acts and omissions described herein constitute a conversion at common law entitling

Plaintiff to recover the value of the money or property converted.

## COUNT V – Fair Debt Collection Practices Act (Boulder Credit Services, Inc.)

43.    Mr. Duby incorporates the preceding allegations by reference.

44.    At all relevant times Boulder Credit Services, Inc. – in the ordinary course of its business –
regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

45.    Boulder Credit Services, Inc. is a "debt collector" under the Fair Debt Collection Practices
Act ("FDCPA"), 15 U.S.C. §1692a(6).

46.    Boulder Credit Services, Inc. 's foregoing acts in attempting to collect this alleged debt
against Mr. Duby constitute violations of the FDCPA.

47.    Mr. Duby has suffered damages as a result of these violations of the FDCPA.

## COUNT VI – Michigan Occupational Code (Boulder Credit Services, Inc.)

48.    Mr. Duby incorporates the preceding allegations by reference.

49.    Boulder Credit Services, Inc. is a "collection agency" as that term is defined in the Michigan
Occupational Code ("MOC"), M.C.L. § 339.901(b).

50.    Mr. Duby is a debtor as that term is defined in M.C.L. § 339.901(f).

51.    Boulder Credit Services, Inc. 's foregoing acts in attempting to collect this alleged debt
against Mr. Duby constitute violations of the Occupational Code.

52.    Mr. Duby has suffered damages as a result of these violations of the Michigan Occupational
Code.

## COUNT VII – Fair Debt Collection Practices Act (Omni Credit Services of Florida, Inc.)

53.    Mr. Duby incorporates the preceding allegations by reference.

54.    At all relevant times Omni Credit Services of Florida, Inc. – in the ordinary course of its

5

business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

55.     Omni Credit Services of Florida, Inc. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

56.     Omni Credit Services of Florida, Inc. 's foregoing acts in attempting to collect this alleged debt against Mr. Duby constitute violations of the FDCPA.

57.     Mr. Duby has suffered damages as a result of these violations of the FDCPA.

**COUNT  VIII – Michigan Occupational Code (Omni Credit Services of Florida, Inc.**

58.     Mr. Duby incorporates the preceding allegations by reference.

59.     Omni Credit Services of Florida, Inc. is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

60.     Mr. Duby is a debtor as that term is defined in M.C.L. § 339.901(f).

61.     Omni Credit Services of Florida, Inc. 's foregoing acts in attempting to collect this alleged debt against Mr. Duby constitute violations of the Occupational Code.

62.     Mr. Duby has suffered damages as a result of these violations of the Michigan Occupational Code.

63.     **COUNT  IX – Fair Debt Collection Practices Act (Palisades Collection. L.L.C.)**

64.     Mr. Duby incorporates the preceding allegations by reference.

65.     At all relevant times Palisades Collection. L.L.C. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

66.     Palisades Collection. L.L.C. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

67.  Palisades Collection. L.L.C. 's foregoing acts in attempting to collect this alleged debt against Mr. Duby constitute violations of the FDCPA.

68.  Mr. Duby has suffered damages as a result of these violations of the FDCPA.

## COUNT  X – Michigan Occupational Code (Palisades Collection. L.L.C.

69.  Mr. Duby incorporates the preceding allegations by reference.

70.  Palisades Collection. L.L.C. is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

71.  Mr. Duby is a debtor as that term is defined in M.C.L. § 339.901(f).

72.  Palisades Collection. L.L.C. 's foregoing acts in attempting to collect this alleged debt against Mr. Duby constitute violations of the Occupational Code.

73.  Mr. Duby has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

74.  Plaintiff demands trial by jury in this action.

## Demand For Judgment for Relief

*ACCORDINGLY, Mr. Duby requests that the Court:*

*a.     Assume jurisdiction over all claims;.*

*b.     Award actual damages.*

*c.     Award statutory damages.*

*d.     Award punitive damages.*

7

   *e.*  *Award statutory costs and attorney fees.*

       Respectfully Submitted,

       ADAM G. TAUB & ASSOCIATES
       CONSUMER LAW GROUP, PLC

       By:  <u>s/ Adam G. Taub</u>
          Adam G. Taub (P48703)
          Attorney for Michael Duby
          18930 West 10 Mile Rd. Suite 2500
          Southfield, MI 48075
          Phone:  (248) 746-3790
          Email:   adamgtaub@clgplc.net

Dated: August 6, 2008